## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

**NEHEMIAS MEJIA**                          :
                                            :
*Plaintiff*                                 :
                                            :
v.                                          :          **Case No.:8:19-cv-01563-GJH**
                                            :
                                            :
**TELEMUNDO MID-ATLANTIC LLC**    :
                                            :
*Defendant*                                 :
_____

## MEMORADUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE CLAIM FOR PUNITIVE DAMAGES

Plaintiff Nehemias Mejia, by and through his undersigned attorneys, submits this memorandum in opposition to Defendant's Motion to Dismiss Plaintiff's Second  Amended Complaint or, in the Alternative, to Strike Claim for Punitive Damages. Plaintiff's Second Amended Complaint states facts sufficient to support a cause of action against Defendant.[1] Further, given the nature of the defamatory statement made against Plaintiff, and that Defendant permitted the defamatory statement to go uncorrected upon learning of its falsity, Plaintiff has alleged sufficient information to also proceed with a claim for punitive damages against Defendant.

## FACTUAL BACKGROUND

At the time of this incident, Plaintiff, Nehemias Mejia (hereinafter Mejia), was a resident of Prince George's County, Maryland, and residing in Riverdale, Maryland. On June

---

[1] Plaintiff filed the Second Amended Complaint after receiving Defendant's Exhibit B, a video recording of the broadcast at issue in this case.  Prior to receiving that, Plaintiff had not viewed the broadcast or been given access to it.

8, 2018, Mejia was arrested in Arlington County, Virginia, and charged with Assault on a Law

Enforcement Officer, Grand Larceny, Destruction of Property,

Eluding/Disregarding a Police Signal, Fail to Stop and the Scene of an Accident, No Operator's

License, and Driving While Intoxicated.

On June 11, 2018, Defendant Telemundo Mid-Atlantic LLC (hereinafter Telemundo),

broadcasting under the call sign WZDC, aired a live news story on Spanish television,

reporting on the incident. *See* Def.'s Exhibit B to Telemundo's Motion to Dismiss, recorded

copy of the underlying broadcast about this incident.

The broadcast aired by Telemundo lasted thirty seconds. The anchor announces on-air

that "this is Nehemias Mejia of Riverdale, Maryland" at 5 seconds into the news. At 12

seconds, the full screen shows a jail photo of Nehemias Mejia. A text banner flashes across the

bottom of the screen stating: "ARRESTADO POR AGRESION SEXUAL."[2] Underneath that

banner, the screen reads: "CONDADO PRINCE GEORGE'S."[3] Those banners stayed on

screen underneath Mr. Mejia's photograph for the remaining 18 seconds of the broadcast.

Mejia was never arrested for any type or form of sex related crime. Although the

anchor of the broadcast does not verbally say anything about Mejia being charged with a sex

related crime, she closes the broadcast by listing several charges: "He faces charges of stealing

a vehicle, driving under the influence of alcohol, and assaulting a police officer, among

others." Translated from Spanish to English, the broadcast stated as follows: [4]

In Arlington[,] Virginia, authorities arrested a Hispanic man for allegedly
stealing a vehicle. This is Nehemis Mejia from Riverdale[,] Maryland.

---

[2] The literal translation from Spanish to English is "Arrested for Sexual Aggression." However, the Spanish term "agresion sexual," more accurately translates to "sexual assault."

[3] "Condado Prince George's translated from Spanish to English is "Prince George's County."

[4] It should be noted that Mejia, nor his counsel, had ever viewed or been provided with a copy of the broadcast until it was submitted as an exhibit by Defendant in this matter. It was always anticipated by Plaintiff that a full recording would be provided through the discovery process.

According to police, a vehicle had been reported stolen in Prince George's County. In locating it in Arlington, officials tried to detain him. However, the suspect fled the scene and crashed into a police vehicle. He later tried to flee on foot but was arrested. He faces charges of stealing a vehicle, driving under the influence of alcohol, and assaulting a police officer[,] among others.

Since being made aware of their defamatory error, to date, Telemundo has not issued or aired a retraction or correction in any form to acknowledge the false report and correct the record that Mejia was not, in fact, arrested for "agresion sexual."

## ARGUMENT

Mejia has pleaded sufficient facts to meet the elements of his defamation claim and the motion to dismiss must be denied. To dismiss a claim pursuant to Rule 12(b)(6), a plaintiff must fail to allege sufficient facts that, even if taken as true, fail to assert a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Myland Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "Because only the legal sufficiency of the complaint, and not the facts in support of it, are tested under a Rule 12(b)(6) motion, we assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Markets, Incorporated v. J.D. Associates Limited Partnership*, 213 F.3d 175, 180 (4th Cir. 2000). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the

plaintiff." *Myland Laboratories, Inc.*, 7 F.3d at 1134.

Under Maryland law, four elements must be met in order to establish a prima facie cause of action for defamation: "(1) the defendant made a defamatory statement to a third person, (2) the statement was false, (3) the defendant was legally at fault in making the statement, and (4) the plaintiff suffered harm." *Lindenmuth v. McCreer,* 233 Md. App. 343, 356-57, 165 A.3d 544, 552 (2017) (citing *Offen v. Brenner*, 402 Md. 191, 198, 935 A.2d 719 (2007), aff'd, 450 Md. 468, 149 A.3d 573 (2016). The Second Amended Complaint sets forth sufficient facts to establish each of the elements necessary to create a viable cause of action for defamation. Each of the elements is taken in turn below.   Further, the Second Amended Complaint, by itself and in conjunction with the DVD submitted by the Defendant as Exh. B, provides a sufficient factual basis to establish that Defendant made a defamatory statement with actual malice.

   *1.   Telemundo made a defamatory statement to a third person.*

This element is properly pleaded in paragraphs 7 through 10 of the Second Amended Complaint.  Said paragraphs very clearly indicate that, during a live television evening news story, the Defendant broadcasted a full-screen photograph of the Plaintiff for 17 seconds with a large banner underneath stating that he had been arrested for sexual assault in Prince George's County.  Specifically, the Plaintiff pleads:

> "7. On June 11, 2018, Defendant broadcast a live television news story on the evening news through television station, Telemundo 44 WZDC, reporting on the incident.

> 8.   The anchor verbally reported that Plaintiff was facing "charges of stealing a vehicle, driving under the influence of alcohol, and assaulting a police officer, among others."

> 9.  During that broadcast, Defendant displayed a full-screen jail photo of the Plaintiff with a large banner along the bottom which stated "ARRESTADO POR AGRESION SEXUAL.  CONDADO DE PRINCE GEORGE'S."  The translation of this statement from Spanish to English means: "Arrested for Sexual Assault.  Prince George's County."

10. The Plaintiff's photo, along with the statement that he had been arrested for sexual assault, remained on the screen for 18 seconds."

The statement made by Telemundo during their broadcast, that Mejia had been "arrested for sexual assault," is defamatory *per se*. Maryland courts continue to recognize the common law principle that words and/or statements whose damaging character is a fact of common knowledge are actionable as defamation *per se*. *See Independent Newspapers, Inc. v. Brodie, 966 A.2d 432, 448 (Md. 2009); Metromedia, Inv. V. Hillman*, 400 A.2d 1117, 1123 (Md. 1979). In actions grounded on allegations of defamation *per se*, the Plaintiff is not required to plead extrinsic facts to demonstrate the defamatory nature of the statement; the statement itself imputes the defamatory character. *Shapiro v. Massengill,* 661 A.2d 202, 217 (Md. 1995). Maryland Courts have consistently held that words which falsely implicate an individual as having committed a crime are defamatory *per se*. *See American Stores Co. v. Byrd*, 181 A.2d 333, 337 (Md. 1962). "If words convey an imputation of a crime, they are actionable in whatever mode their meaning may be expressed. They may be by way of insinuation, interrogation, by ironical phrase, or by any form of speech understood by the hearers." *Haines v. Campbell*, 74 Md. 158 (1891). Going along this line of precedent, Telemundo's false implication of Mejia in a crime of sexual violence is actionable as defamation *per se*, and therefore not required to plead any facts beyond the defamatory statement itself.

The clear existence of this element is bolstered by the extrinsic evidence submitted by Telemundo. The fact that Telemundo falsely reported that Mejia had been arrested for a crime of sexual violence is apparent in the recording of the broadcast. This court can view the large flashing banner stating Mejia was "arrestado for aggression sexual". See Def. Ex. B.

The false statement aired by Telemundo was clear and unequivocal. Further, it was broadcast on live television to a large number of people. See Second Amended Complaint, Par.

20.  The defamatory statement appeared in large bold font underneath Mejia's photograph for 18 seconds of the 30 second story. The news that he was arrested for the crime of sexual assault blatantly imputes him in the commission of some form of a crime of sexual violence. It is common knowledge, particularly in today's world, that an accusation of having committed and been arrested for a crime of sexual violence does severe and irreparable damage to one's character. Plaintiff has clearly carried his burden to demonstrate well plead facts to meet this element.

2.  *Telemundo's statement was false.*

Plaintiff's sufficiently pleads this element in paragraphs 6, 9 and 11 in the Second Amended Complaint. Paragraph 6 states: "On June 8, 2018, Plaintiff was arrested for various offenses in Arlington County, Virginia. None of those offenses included any form of sexual assault." Paragraph 9 sets forth the fact that Telemundo's broadcast contained information indicating that the Plaintiff had been arrested for sexual assault. Paragraph 11 states: "[t]he statement that Defendant was arrested for sexual assault was false."

On a motion to dismiss, the court must consider well pleaded facts as true. The facts pleaded satisfy the element of falsity, are well grounded in fact, and are easily provable. Defendant Telemundo concedes the fact that Mejia was never arrested for sexual assault, or any other form of sexual violence in its own motion.  Defendant further appears to concede that the information contained in the broadcast, that Mejia had been arrested for sexual assault, was false.

Maryland Courts have consistently held that a "false statement is one that is not substantially correct." *Chesapeake Publ'g Corp. v. Williams,* 661 A.2d 1169, 1174 (Md. 1995) (citing *Batson v. Shiflett,* 325 Md. 684, 726 (1992)). Minor inaccuracies will not amount to

falsity when, considering a publication as a whole, 'the substance, the gist, [and] the sting of the libelous charge [are] justified. *Id.* "If the gist. . . of a statement is substantially true, 'minor inaccuracies will not give rise to a defamation claim.'" *AIDS Counseling & Testing Ctrs. V. Grp. W Television, Inc.,* 903 F. 2d 1000, 1004 (4th Cir. 1990) (quoting *Liberty Lobby, Inc. v. Rees,* 852 F.2d 595, 601 (D.C. Cir. 1988).

Conceding that the banner statement was false, Telemundo argues that the statement was merely a minor inaccuracy which could not have materially changed the intended meaning of the broadcast. This argument suggests that the "sting" of the statement falsely implicating Mejia in a crime of sexual violence was nullified by the anchor's verbal report of his charges. In support of this argument, Telemundo attempts to analogize this case to a Fourth Circuit opinion involving a healthcare clinic that filed a defamation action against a Baltimore television station after it aired two news stories about the clinic that were critical of their operations, which contained several misstatements. *AIDS Counseling & Testing Ctrs. V. Grp. W Television, Inc.,* 903 F. 2d 1000 (4th Cir. 1990). The defamatory misstatement complained of in that case was an inaccurate report that one of the clinics locations had closed. The *AIDS Counseling & Testings Ctrs.* Court acknowledged the inaccuracies reported, but found that the "false statements did not occur in connection with any portion of the broadcast that tended to injure ACT's reputation," and were therefore immaterial and not defamatory. *Id.,* at 1004.

As discussed in Section 1 of this Opposition, Maryland Courts have made it clear that a statement charging a person with a crime that he did not commit is actionable as defamation per se and *presumed* to cause damage to that person's reputation. *Laws v. Thompson,* 78 Md. App. 665, 554 A.2d 1264, *cert. denied,* 316 Md. 428, 559 A.2d 791 (1989). Telemundo's argument requesting that this Court find, as a matter of law, that the false statement in the present case is

immaterial is plainly inconsistent with well-settled Maryland law.  The statement that implicates Mr. Mejia as having been arrested on charges of sexual assault is not immaterial and absolutely tends to injure his reputation.  The "sting" of being insinuated in the crime of sexual assault is not cured by the fact that the broadcast also reported the charges for which he was actually arrested.[5]

Defendant further argues that the verbal report provided during the broadcast, which stated that the Plaintiff had been charged with multiple crimes, somehow places the false statement that the Plaintiff had been arrested for a crime of sexual violence into a context that does not warrant a defamatory interpretation.  Defendant likens the false statement broadcasted about the Plaintiff to an article headline, which may tend to convey an inaccurate message if not read in conjunction with the corresponding article.

The false statement, that Plaintiff was charged with sexual assault, cannot be brushed off as simply taken out of context.  Not only is it an affirmative and unequivocal statement that is undeniably false, there is no alternative context to give a false claim sexual assault.  In its motion, the defense does not even attempt to hypothesize what context the viewer should give that information, simply that it should be discarded as erroneous based on the other content.  Hearing the news story does not place the statement of sexual assault in context.  The news story and the headline are completely incongruous.

Telemundo's argument also disregards the commonsense reality of television media.  Not all people consume television media by listening to every word.  Some people may view it in the background, with the volume turned down.  For these persons, they may only see the jail

---

picture and read the banner at the bottom of the screen to receive a story.  *In fact, this is the purpose of the news banner in the first place – to give viewers the gist of a newscast or story without having to hear the actual words.*  Discovery in this case will show that is in fact how Plaintiff was alerted to the story, by his employer who happened to see the story and took a screenshot of the false banner.  Further, unlike a news article, which is the factual scenario in virtually all the cases relied upon by the defense, most television viewers do not have the ability to rewind a news story to make sure that they correctly understand the information.  The story is viewed in a 30-second window, processed, and then it is gone.  The defense cites no case discussing television news coverage simultaneously delivering audio and visual content.

The Plaintiff has undoubtedly demonstrated that the broadcast, considered as a whole, is capable of a defamatory interpretation as a threshold question of law. The Defendant's speculative statements that "the inaccuracy would be obvious to any viewer" and that "any reasonable television viewer would . . . reach the obvious conclusion that there was simply a mistake in graphic" are conclusory. These are purely questions of fact to be determined by a jury. "If words are capable of more than one meaning or a defamatory meaning could be inferred, then the meaning attributed to them is a question of fact for the jury."  *Batson* 325 Md. at 723, 602 A.2d at 1210–11 (1992) (citing *Hohman v. A.S. Abell Co.*, 44 Md. App. 193, 198, 407 A.2d 794, 797 (1979)

### 3. *Telemundo was legally at fault in making the statement.*

The element that Telemundo is legally at fault is satisfied in paragraphs 8 and 10 of the Amended Complaint. Paragraph 8 of the Amended Complaint states that: "At all times pertinent, Defendant owned and operated Telemundo 44 WZDC, and was responsible for the functioning of Telemundo 44 WZDC and did employ agents, employees, staff, and/or

representatives who acted on behalf of Defendant to broadcast material aired on Telemundo 44 WZDC." This paragraph is sufficient to show that Telemundo was legally responsible for the content being aired from the station, and the accuracy of that content. Further, it bore a legal responsibility to supervise "agents employees, staff, and/or representatives" that submitted and created that content. Paragraph 10 states that the Defendant negligently broadcast the aforementioned false and defamatory statement about the Plaintiff." The Plaintiff's Amended Complaint alleges facts that Defendant Telemundo falsely and unequivocally broadcast a statement that charged the Plaintiff as having been arrested for committing a sexual crime. The Amended Complaint further pleads facts that make it clear that Mr. Mejia was never arrested for any offense related to sexual assault.

4.  *Plaintiff has suffered harm as a result.*

This element is properly is sufficiently pleaded in paragraphs 11- 16 of the Amended Complaint. Mejia has been harmed and looks forward to proving damages at trial.

5.  *Plaintiff has pleaded sufficient facts to establish a prima facie case of actual malice*

Defamation plaintiffs in Maryland can meet the actual malice standard by demonstrating that the Defendant made a statement "with knowledge that it was false or with reckless disregard of whether it was false or not." *Batson*, 325 Md. at 728, 602 A.2d 1213 (quoting New York Times Co. v. Sullivan, 376 U.S. 254, 279-80, 84 S. Ct. 710, 725-26 (1964). Courts have recognized that "reckless disregard" in this context is not easily defined, and the determination as to whether or not it exists in any case requires an incredibly fact intensive inquiry. *Harte–Hanks Communications, Inc. v. Connaughton,* 491 U.S. 657, 667, 109 S.Ct. 2678, 2685–86, (1989) *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 335 n. 6, 94 S. Ct. 2997,

3004 n.6 (1974) (stating that "subjective awareness of probably falsity" constitutes actual malice).  The Maryland Court of Appeals has specifically stated that the "the existence of actual malice rests on the defendant's state of mind at the time of the publication, and is a fact intensive inquiry." *Batson*, 325 Md. at 692, 602 A.2d 1195.  The *Batson* court further stated that, absent an admission of falsehood from the mouth of the defendant, the Plaintiff must generally rely on circumstantial evidence and objective facts surrounding the defamatory statement.  *Id.*

The Plaintiff's sufficiently pleads facts to support his claim that the Defendant made the statement that he had been arrested for sexual assault knowing that it was false, or with reckless disregard as to whether or not it was false.  In paragraph 8, 12, and 13,  the Plaintiff indicates that the anchor verbally reported correctly the charges he was facing; that Defendant had no reason to believe the Defendant had committed a crime involving sexual violence or sexual misconduct; and that the Defendant caused the false statement to be broadcast.  Having reported on the crimes with which the Plaintiff was charged, it was known to Defendant that Plaintiff had not been charged with sexual assault and that report was false. As pleaded clearly in the Plaintiff's Second Amended Complaint, none of that factual information involved any charge or arrest involving sexual violence or misconduct.  Reporting the statement knowing it to be untrue shows either malice or reckless disregard for the truth, a fact intensive inquiry to be completed in the discovery process.

## **<u>CONCLUSION</u>**

For the reasons stated above, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss Amended Complaint or, in the Alternative, to Strike Claim for Punitive Damages.

Respectfully Submitted,


_____/s/_____
Katherine D. Oates
Krum, Gergely & Oates, LLC
200A Monroe Street, Suite 305
Rockville, Maryland 20850
(301) 840-0080
(240) 341-1423 (fax)
katherine@kgofirm.com

_____/s/_____
Jonathan R. Carroll
Jezic & Moyse, LLC
2730 University Blvd., West
Suite 604
Wheaton, Maryland 20902
(240) 292-7200
(240) 292-7225 (fax)
jonathancarroll@jkmfirm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on September 17, 2019, I filed a true and correct copy of the foregoing Memorandum in Support of Opposition to Defendant's Motion to dismiss Second Amended Complaint or, in the Alternative, to Strike Claim for Punitive Damages with the Court's cm/ecf system, which will cause a copy to be served on all counsel of record.

September 17, 2019

_____/s/_____
Katherine D. Oates