IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| NEHEMIAS MEJIA, | * |
|     Plaintiff, | * |
| v. |     Case No.: GJH-19-1563 |
| | * |
| TELEMUNDO MID-ATLANTIC LLC, | |
| | * |
|     Defendant. | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Nehemias Mejia brought this civil action alleging defamation against Defendant Telemundo Mid-Atlantic LLC based on an allegedly false statement it made during a broadcast about Plaintiff's arrest. ECF No. 19. Pending before the Court is Defendant's Second Motion to Dismiss. ECF No. 15.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Dismiss is granted.

**I.     BACKGROUND[2]**

On June 8, 2018, Plaintiff was arrested for various offenses. ECF No. 19 ¶ 6. On the evening of June 11, 2018, Defendant broadcasted a live television news story reporting on the incident. *Id.* ¶ 7. The broadcast reported that:

> In Arlington, Virginia, authorities arrested a Hispanic man for allegedly stealing a vehicle. This is Nehemias Mejia from Riverdale, Maryland. According to police, a vehicle had been reported stolen in Prince George's County. In locating it in Arlington, officials tried to detain him. However, the suspect fled the scene and crashed into

---

[1] Also pending is Defendant's First Motion to Dismiss. ECF No. 13. After Defendant filed the First Motion to Dismiss, Plaintiff amended his complaint with Defendant's consent. ECF No. 19. Thus, the First Motion to Dismiss is denied as moot.
[2] Unless otherwise stated, the background facts are taken from Plaintiff's Second Amended Complaint, ECF No. 19, and are presumed to be true.

1

> a police vehicle. He later tried to flee on foot but was arrested. He faces charges of stealing a vehicle, driving under the influence of alcohol, and assaulting a police officer among others.[3]

ECF Nos. 20-3, 20-4.[4] During the broadcast, Defendant displayed a full-screen jail photo of Plaintiff with a banner along the bottom of the screen which stated, "ARRESTADO POR AGRESION SEXUAL. CONDAD DE PRINCE GEORGE'S." This statement translates to "Arrested for Sexual Assault. Prince George's County." ECF No. 9 ¶¶ 9, 10.

Plaintiff was not arrested for sexual assault. *Id.* ¶ 11. Members of the public viewed the false statement, however, and took it to be true. *Id.* ¶ 22. This included Plaintiff's supervisor at his job, who viewed the broadcast, believed that Plaintiff had been charged with sexual assault, and terminated Plaintiff as a result. *Id.* ¶ 23. Defendant has not corrected the record by retracting or correcting the false statement. *Id.* ¶ 24.

On April 24, 2019, Plaintiff filed a Complaint in the Circuit Court of Maryland for Prince George's County alleging defamation against Defendant and requesting $75,000 in compensatory and punitive damages.[5] ECF No. 4. Defendant removed the case to this Court on May 28, 2019. ECF No. 1. Plaintiff filed an Amended Complaint against Defendant on July 2, 2019, ECF No. 11, and Defendant filed its First Motion to Dismiss on July 16, 2019, ECF No. 13. Plaintiff filed a Second Amended Complaint on August 20, 2019, ECF No. 19, and Defendant filed its Second Motion to Dismiss on September 3, 2019, ECF No. 20. Plaintiff filed a response on September 18, 2019, ECF No. 21, and Defendant filed a reply on October 1, 2019, ECF No. 22.

---

[3] This has been translated from Spanish.
[4] On August 2, 2019, the Court granted Defendant leave to file a DVD of the broadcast. ECF No. 16. The broadcast is "integral to and explicitly relied on in the [Second Amended Complaint]," so the Court may consider it without converting the Motion to Dismiss into a motion for summary judgment. *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).
[5] The Complaint also named sixteen additional defendants who have since been dismissed from this case.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, Case No. RDB–12–237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). A motion to dismiss under 12(b)(6) "test[s] the adequacy of a complaint." *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). Motions to dismiss for failure to state a claim do "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Prelich*, 813 F. Supp. 2d at 660 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of the Plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the Plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The court should not grant a motion to dismiss for failure to state a claim unless "it is clear that no relief could be granted under any set of facts that could be proved consistent

with the allegations." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)).

## III. DISCUSSION

"Under Maryland law, to establish a *prima facie* case of defamation, a plaintiff must establish that (1) the defendant made a defamatory statement to a third person (a requirement known as publication); (2) the statement was false; (3) the defendant was legally at fault in making the statement; and (4) the plaintiff thereby suffered harm." *Doe v. Johns Hopkins Health Sys. Corp.*, 274 F. Supp. 3d 355, 365 (D. Md. 2017). For a plaintiff to state a claim for punitive damages for the defamation, he must allege that the defamer acted with actual malice. *Le Marc's Mgmt. Corp. v. Valentin*, 349 Md. 645, 651 (1998). Defendant contends that the Second Amended Complaint must be dismissed because it does not sufficiently allege that Defendant published a false statement that is reasonably capable of a defamatory meaning or that Defendant acted with negligence, which is the minimum showing a plaintiff must make to establish the element of legal fault. In the alternative, Defendant contends that the Court should strike Plaintiff's claim for punitive damages because the Second Amended Complaint does not sufficiently allege actual malice. For the reasons that follow, the Court concludes that although the Second Amended Complaint does plausibly allege that Defendant made a false statement that was reasonably capable of a defamatory meaning, it does not sufficiently allege negligence and must be dismissed on that basis.

The Second Amended Complaint sufficiently pleads that Defendant made a false and defamatory statement. "[A] 'defamatory statement' is one that tends to expose a person to 'public scorn, hatred, contempt, or ridicule,' which, as a consequence, discourages 'others in the community from having a good opinion of, or associating with, that person.'" *Piscatelli v. Van*

*Smith*, 424 Md. 294, 306 (2012) (quoting *Indep. Newspapers, Inc. v. Brodie*, 407 Md. 415, 441 (2009)). "A statement that is defamatory *per se* is one for which the 'words themselves impute the defamatory character,' such that the plaintiff need not plead additional facts demonstrating their defamatory nature." *Doe*, 274 F. Supp. 3d at 365–66 (quoting *Metromedia, Inc. v. Hillman*, 285 Md. 161, 172 (1979)). "[A] 'false' statement is one 'that is not substantially correct.'" *Piscatelli*, 424 Md. at 306 (quoting *Batson v. Shiflett*, 325 Md. 684, 726 (1992)). "The plaintiff carries the burden to prove falsity." *Id.* "To determine whether a publication is defamatory, a question of law for the court, the publication must be read as a whole: '[W]ords have different meanings depending on the context in which they are used and a meaning not warranted by the whole publication should not be imputed.'" *Id.* (quoting *Chesapeake Publ'g Corp. v. Williams*, 339 Md. 285, 295 (1995)); *see also AIDS Counseling and Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (stating that where false statements "d[o] not cause the story to produce a different effect on the audience than would have been produced had the truth of the matter been spoken," they are not defamatory).

Here, Defendant published a statement that Plaintiff had been arrested for sexual assault, which "impute[s] to [Plaintiff] the commission of a crime," and therefore constitutes defamation *per se*. *See Shulman v. Rosenberg*, Case No. 24–C–16–001867, 2017 WL 5172642, at *9 (Md. Ct. Spec. App. 2017) ("We have previously found that words or statements constitute defamation *per se* when the meaning of the words impute to the plaintiff the commission of a crime"). Plaintiff had not actually been arrested for sexual assault, therefore also making Defendant's publication false. *See Piscatelli*, 424 Md. at 306.

Nonetheless, Defendant contends the broadcast as a whole did not convey that Plaintiff was arrested for sexual assault and therefore its publication is not actionable defamation. ECF

5

No. 20 at 5–8.[6] Specifically, it argues that even though the banner at the bottom of the screen read "arrested for sexual assault," the broadcast anchor verbally reported the correct charges facing Plaintiff. *Id.* In support of its argument, Defendant cites to several cases in which courts held that vague or incorrect headlines and photograph captions were not actionable defamation because, when they were read in the context of the entire publication, they were not reasonably capable of a defamatory interpretation. *See, e.g.*, *Amrak Prods., Inc. v. Morton*, 410 F.3d 69, 73 (1st Cir. 2005); *AIDS Counseling and Testing Ctrs.*, 903 F.2d at 1004; *Smith v. Sandusky Newspapers, Inc.*, Case No. 3:17CV1135, 2018 WL 3046537, at *3–*4 (N.D. Ohio June 20, 2018); *Fernandes v. Tenbruggencate*, 65 Haw. 226, 230 (1982); *Molin v. Trentonian*, 297 N.J. Super. 153, 157 (1997); *Sabino v. WOIO, L.L.C.*, 56 N.E.3d 368, 379–80 (Ohio Ct. App. 2016).

The cases proffered by the Defendant are distinguishable from the instant case in two key respects, however. First, most of the cases analyze situations in which the allegedly false headline related to and was clarified by the entire publication. For example, in *Smith v. Sandusky Newspapers, Inc.*, the court held that a headline reading "Man steals $22k from rental business" was not actionable, despite the fact that the plaintiff had only been arrested, not convicted, and he was later exonerated, because when read in conjunction with the article, "a reasonable reader would understand the headline as referring to the unproved, unadjudicated charge that [the plaintiff] had committed a crime, rather than as a bottom-line, unequivocal conclusion that [the plaintiff] had, in fact, done so." 2018 WL 3046537, at *1, *3; *see also Fernandes*, 65 Haw. at 230 (finding that the substance of the article directly corrected for any defamatory meaning that could be drawn from a vague headline); *Molin*, 297 N.J. Super. at 157 (dismissing plaintiff's claim that an article headline implied that he had been convicted of stalking where the article

---

[6] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

made it clear he had only been arrested for and charged with stalking); *Sabino*, 56 N.E.3d at 379–80 (affirming directed verdict in favor of defendants where a banner at bottom of broadcast screen stated "Child Porn Found on Computer," but the broadcast anchors clarified that the plaintiff was only suspected of having child pornography on his computer).

In contrast, the Second Amended Complaint alleges that while Plaintiff's image was displayed on the screen, Defendant's broadcast anchor stated that Plaintiff "face[d] charges of stealing a vehicle, driving under the influence of alcohol, and assaulting a police officer among others," while a banner at the bottom of the screen stated that he was "arrested for sexual assault." Unlike *Smith*, where the full article definitively clarified the meaning of the headline, the statements here do not reference each other at all and perhaps cause more confusion. It is certainly plausible that a reasonable viewer could view the banner's description of a sexual assault arrest as one of the "other[]" charges to which the anchor referred in his verbal broadcast or even interpret the verbal list of charges as false and the banner's publication of a sexual assault arrest as true. Indeed, a reasonable viewer at the time of the broadcast would not have been privy to the information the Court and parties are privy to now; it therefore would have been difficult for a viewer to first determine that either the oral broadcast or the written banner was false and then determine further that it was the banner that was false, as opposed to the verbal broadcast. The Court is thus not prepared to conclude that banner, viewed in the context of the entire broadcast, was incapable of a defamatory meaning as a matter of law.

Defendant also cites to *Amrak Prods., Inc v. Morton* in support of its argument. In that case, the plaintiff was Madonna's bodyguard and romantic partner. 410 F.3d at 71. He claimed that he was defamed by a photograph miscaptioned with his name that portrayed one of Madonna's dancers who plaintiff alleged was an "outspoken homosexual." *Id.* Even assuming

7

that a statement about homosexuality could be construed as defamatory, the court concluded that the miscaptioned photograph was "not reasonably susceptible of a defamatory meaning" because the reader would have to "follow Madonna and her cohort closely enough to recognize [the man in the photograph] as a gay man, but not closely enough to know [the man's] name or what [the plaintiff] looks like. Few, if any, readers would fall into this 'considerable and respectable segment in the community.'" *Id.* at 73. In contrast, here, the statement that Plaintiff was arrested for sexual assault is "reasonably susceptible of a defamatory meaning" because a sizeable portion of the population would view that statement negatively without having any special or additional information not immediately available in the broadcast. Thus, the Second Amended Complaint sufficiently alleges that Defendant published a false and defamatory statement.

The Second Amended Complaint fails, however, to allege the third element of a defamation claim: legal fault. This element "requires a showing that, at a minimum, the party making the false statement acted negligently." *Doe*, 274 F. Supp. 3d at 366 (citing *Hearst Corp. v. Hughes*, 297 Md. 112, 119–23 (1983)). "Negligence is any conduct, except conduct recklessly disregardful of an interest of others, which falls below the standard established by law for protection of others against unreasonable risk of harm. It does not exist apart from the facts and circumstances upon which it is predicated, necessarily involves the breach of some duty owed by a defendant to the plaintiff, and is inconsistent with the exercise of ordinary care." *Mayor and City Council of Baltimore v. Hart*, 395 Md. 394, 410–11 (2006) (internal citations and quotation marks omitted). Actual malice, a higher degree of fault, requires a showing that the defendant made the defamatory statement "with knowledge that it was false or with reckless disregard of whether it was false or not." *Batson*, 325 Md. at 728 (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964)) (internal quotation marks omitted).

Here, the Second Amended Complaint alleges that Defendant made its defamatory statement "with knowledge that it was false or, in the alternative, with reckless disregard as to whether it was false or not," ECF No. 19 ¶ 16, "[i]n the alternative, [] Defendant negligently broadcast the … defamatory statement about Plaintiff," *id.* ¶ 17, "Defendant owed a duty to the subjects of its broadcast coverage to accurately report the news," *id.* ¶ 18, and "Defendant breached this duty by broadcasting the … defamatory statement before broadcast, failing to supervise its agents, employees, staff, and/or representatives responsible for the content of the broadcast," *id.* ¶ 19. These allegations, however, are nothing more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" because they do not allege what Plaintiff did or did not do to fall below the appropriate standard of care. *See Nemet Chevrolet, Ltd*, 591 F.3d at 255; *see also Glocoms Grp., Inc. v. Ctr. for Pub. Integrity*, Case No. 17–cv–6854, 2018 WL 2689434, at *6 (dismissing defamation claim where plaintiff alleged that the defendant published defamatory statements "'in full knowledge that they were untrue' and failed 'to fully investigate,'" but "fail[ed] to plead any supporting facts that raise[d] a reasonable inference of negligence"). Plaintiff has therefore failed to sufficiently plead negligence.

The Second Amended Complaint also fails to plead the higher standard of actual malice. Plaintiff contends that because the broadcast anchor verbally reported the correct charges facing Plaintiff, Defendant knew that Plaintiff had not committed a crime involving sexual violence or sexual misconduct and therefore its false report was malicious or reckless. ECF No. 21 at 11. This argument is unpersuasive. First, "there is a significant difference between proof of actual malice and mere proof of falsity," *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 511 (1984), and the Second Amended Complaint lacks any allegations that would raise the

9

falsity of the publication to the level of malice. Second, contrary to Plaintiff's contention, the fact that the anchor correctly reported the charges does not mean that the banner stating that Plaintiff was arrested for sexual assault was published maliciously or with reckless disregard for the truth. "[T]he state of mind required for actual malice would have to be brought home to the persons in [Defendant's] organization having responsibility for the publication of the [banner]," *New York Times*, 376 U.S. at 287, and the Second Amended Complaint contains no factual allegations referring to the state of mind of the individual in charge of Defendant's banners. The Second Amended Complaint therefore fails to sufficiently allege legal fault.[7] Accordingly, it must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Second Motion to Dismiss is granted. Plaintiff's Second Amended Complaint is dismissed without prejudice. A separate Order shall issue.

Date: <u>February   20, 2020</u>                              <u>      /s/                                        </u>
                                                             GEORGE J. HAZEL
                                                             United States District Judge

---

[7] The Second Amended Complaint does sufficiently allege that Plaintiff suffered actual harm from Defendant's false and defamatory statement by alleging that Plaintiff lost his job when his employer read the published statement. *See Doe*, 274 F. Supp. 3d at 366 ("For the fourth element, actual harm must generally be established, but in cases in which the statement was defamatory *per se* and was made with actual malice, harm may be presumed.").