IN THE UNITED STATES DISTRICT COURT
<u>FOR THE DISTRICT OF MARYLAND</u>
*Southern Division*

| | |
|---|---|
| **NEHEMIAS MEJIA,** | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-19-1563 |
| | * |
| **TELEMUNDO MID-ATLANTIC LLC,** | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM OPINION**</u>

Plaintiff Nehemias Mejia brought this civil action alleging defamation against Defendant Telemundo Mid-Atlantic LLC based on an allegedly false statement it made during a broadcast about Plaintiff's arrest. ECF No. 19; ECF No. 25-1. Pending before the Court is Plaintiff's Motion for Leave to File Third Amended Complaint. ECF No. 25. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiff's Motion is granted.

**I.    BACKGROUND**

**A.    Factual Background**[1]

Plaintiff was arrested for various offenses on June 8, 2018. ECF No. 25-1 ¶ 6. None of those offenses included any form of sexual assault. *Id.* On June 11, 2018, Defendant broadcast a live television news story reporting on Plaintiff's arrest. *Id.* ¶ 7. The broadcast reported that Plaintiff was facing "charges of stealing a vehicle, driving under the influence of alcohol, and assaulting a police officer, among others." *Id.* ¶ 8; ECF No. 28-1.[2]  During the broadcast,

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's proposed Third Amended Complaint, ECF No. 25-1, and are presumed to be true.
[2] On July 16, 2020, Plaintiff requested leave to file a DVD of the broadcast as an exhibit to his reply in support of his Motion for Leave to File Third Amended Complaint. ECF No. 29. The DVD recording of the broadcast was

1

Defendant displayed a full-screen jail photo of Plaintiff with a banner along the bottom of the screen which stated, "ARRESTADO POR AGRESION SEXUAL. CONDAD DE PRINCE GEORGE'S." ECF No. 25-1 ¶ 9. This statement translates to "Arrested for Sexual assault. Prince George's County." *Id.* Because Plaintiff had not been arrested for sexual assault, the banner displayed during the broadcast was false. *Id.* ¶¶ 6, 11.

Defendant did not have any reasonable grounds to believe the statement was true, failed to verify that the banner was accurate before airing, failed to follow a system/procedure to verify the accuracy of the banner information before it was broadcasted, failed to allow sufficient time to verify the accuracy of the banner before airing, used the banner verbiage from another news segment as the banner in the news segment about Plaintiff, and failed to properly supervise and train its agents, employees, staff, and/or representatives in order to prevent incorrect banners from airing. *Id.* ¶ 23.

Members of the public viewed Defendant's false statement and took it to be true. *Id.* ¶ 26. This included Plaintiff's supervisor at his job, who viewed the broadcast, believed that Plaintiff had been charged with sexual assault, and terminated Plaintiff as a result. *Id.* ¶ 27. Defendant has not corrected its false statement by retracting or correcting the statement. *Id.* ¶ 28.

B.      **Procedural Background**

On April 24, 2019, Plaintiff filed a Complaint in the Circuit Court of Maryland for Prince George's County, alleging defamation against Defendant and requesting greater than $75,000 in compensatory and punitive damages.[3] ECF No. 4. Defendant removed the case to this Court on May 28, 2019. ECF No. 1. Plaintiff filed an Amended Complaint against Defendant on July 2,

---

previously submitted by Defendant, with leave of the Court, ECF No. 16, in its Motion to Dismiss Amended Complaint or, in Alternative, to Strike Claim for Punitive Damages, ECF Nos. 13, 14. ECF No. 28 at 6 n.2. The Court grants Plaintiff's Motion for Leave to File DVD Exhibit, ECF No. 29.
[3] The Complaint also named sixteen additional defendants who have since been dismissed from the case.

2019, ECF No. 11, and filed a Second Amended Complaint on August 20, 2019, ECF No. 19. Defendant filed a Motion to Dismiss on September 3, 2019. ECF No. 20. The Court issued a Memorandum Opinion and Order on February 20, 2020, dismissing Plaintiff's Second Amended Complaint under Fed R. Civ. P. 12(b)(6) for failing to sufficiently plead negligence, a required element of a claim for defamation. ECF No. 23 at 9;[4] ECF No. 24. The Court, in its Order, instructed Plaintiff that if he "wishes to file a Third Amended Complaint, he must file a motion within twenty-one (21) days of the date of this Order" and "[t]he Third Amended Complaint must address the concerns in the Court's Memorandum Opinion." ECF No. 24. The Court also ordered Plaintiff to meet and confer with Defendant prior to filing in order to determine if Defendant consents to the Third Amended Complaint and instructed that, absent consent, "the Parties shall immediately contact the Court to schedule a conference call" upon filing. *Id.*

Plaintiff complied with the Court's Order. Plaintiff filed his Motion for Leave to File Third Amended Complaint on March 12, 2020 after conferring with counsel for Defendant and determining Defendant would not consent to the Motion. ECF No. 25. Because Defendant does not consent to Plaintiff's Motion, Plaintiff also filed a request for a conference call as instructed by the Court. ECF No. 26. Defendant filed its response in opposition to Plaintiff's Motion for Leave to File Third Amended Complaint on April 9, 2020, ECF No. 27, and Plaintiff replied in support of its Motion on July 16, 2020, ECF No. 28.

## II. DISCUSSION

At this stage of the litigation, the parties may amend their pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, "[t]he federal rule policy of deciding cases on the basis of the substantive rights involved rather than on

---

[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading." *Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) (internal citation omitted). Thus, Courts are to "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile[,]" *Steinburg v Chesterfield Cty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (internal quotation marks and citations omitted). Defendant does not allege in its opposition that Plaintiff's amendment would be prejudicial nor does it allege that Plaintiff has acted in bad faith. *See* ECF No. 27. Rather, Defendant argues that "Plaintiff's proposed Third Amended Complaint fails to cure the defects that the Court identified in dismissing the previous iteration of the Complaint, and any further attempts at a cure would be futile." *Id.* at 1. Therefore, in determining whether it should grant Plaintiff's Motion for Leave to File Third Amended Complaint, the Court analyzes whether Plaintiff has addressed the deficiencies the Court identified in its prior Memorandum Opinion, ECF No. 23, and whether Plaintiff's amendment would be futile.

"Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Davison v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019) (quoting *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)) (explaining that the plaintiff's proposed amendment was futile if the new claim would not survive a Rule 12(b)(6) motion to dismiss). Under the pleading standards set forth in *Ashcroft v. Iqbal*, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Complaint must also "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer more than the mere

possibility of misconduct.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (internal citations omitted). In its prior opinion, this Court dismissed Plaintiff's Second Amended Complaint because Plaintiff's allegations did not meet the pleading standard required by *Iqbal*. ECF No. 23 at 9. Specifically, Plaintiff "d[id] not allege what [Defendant] did or did not do to fall below the appropriate standard of care" and "therefore failed to sufficiently plead negligence." *Id.* (citing *Nemet Chevrolet, Ltd.*, 591 F.3d at 255; *Glocoms Grp., Inc. v. Ctr. For Pub. Integrity*, No. 17-cv-68554, 2018 WL 2689434, at *6 (N.D. Ill. June 5, 2018)). Plaintiff, in his Third Amended Compliant, has corrected this error.

In general, under Maryland law, "[n]egligence is any conduct, except conduct recklessly disregardful of an interest of others, which falls below the standard established by law for protection of others against unreasonable risk of harm." *Mayor & City Council of Baltimore v. Hart*, 910 A.2d 463, 472 (Md. 2006) (internal quotation marks omitted). In the specific context of defamation cases involving private plaintiffs, however, Maryland courts have given additional content to this definition by adopting the standard of negligence as set forth in the Restatement (Second) of Torts § 580B. *Jacron Sales Co., Inc. v. Sindorf*, 350 A.2d 688, 697 (Md. 1976). The negligence standard set forth in § 580B is:

> Negligence is conduct that creates an unreasonable risk of harm. (See § 282). The standard of conduct is that of a reasonable person under like circumstances. (See § 283). Insofar as the truth or falsity of the defamatory statement is concerned, the question of negligence has sometimes been expressed in terms of the defendant's state of mind by asking whether he had reasonable grounds for believing the communication is true. . . .
>
> The defendant, if a professional disseminator of news, such as a newspaper, a magazine or a broadcasting station, or an employee, such as a reporter, is held to the skill and experience normally possessed by members of that profession. (See § 299A). Customs and practices within the profession are relevant in applying the negligence standard, which is, to a substantial degree, set by the profession itself, though a custom is not controlling. (See § 295A).

Restatement (Second) of Torts § 580B cmt. G (Am. Law. Inst. 1977); *see Hawks v. Ruby*, No. 03-C-15-005270, 2019 WL 4860760, at *9 (Md. Ct. Spec. App. Oct. 1, 2019) (stating that to succeed on a defamation action a private plaintiff has to prove that the defendant "failed to act as 'a reasonable person under like circumstances' in making the false and defamatory statements. Restatement (Second) of Torts § 580B, comment g (Am. Law. Inst. 1977)").

The additional factual allegations added to Plaintiff's Third Amended Complaint are sufficient to raise a plausible claim that, under the negligence standard described above, Defendant acted negligently in allowing the false banner to be broadcast in the news segment about Plaintiff.[5] For example, Plaintiff alleges in his Third Amended Complaint that Defendant did not receive the information that Plaintiff had been arrested for sexual assault from the police, the courts, or any other reasonably relied upon source and had no documentary evidence stating Plaintiff had been arrested for any sexual crime. ECF No. 25-1 ¶¶ 13, 14; *see Glocoms Grp., Inc.*, 2018 WL 2689434, at *6 ("In the publishing context, negligence takes the form of publishing something without having 'reasonable grounds' to believe its truth.");[6] Restatement (Second) of Torts § 580B, comment g (Am. Law. Inst. 1977) ("the question of negligence has sometimes been expressed in terms of the defendant's state of mind by asking whether he had reasonable grounds for believing that the communication was true"). Moreover, Plaintiff's

---

[5] In evaluating the sufficiency of a complaint, these added allegations must be taken as true and construed in the light most favorable to the Plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994).

[6] Both parties claim that *Glocoms* supports their position; however, the Court agrees with Plaintiff. While *Glocoms* is helpful in articulating what constitutes negligence in the publishing context, *Glocoms* is distinguishable from the current action. *Glocoms* involved a defamation suit against a media Defendant that published statements about plaintiff that were based on information obtained from a third party. *Glocoms Grp, Inc.*, 2018 WL 2689434, at *6. The United States District Court for the Northern District of Illinois dismissed Plaintiff's claims related to negligence on the basis that the Plaintiff failed to allege a factual basis for its position that defendant lacked a reasonable ground to believe the truth of the alleged defamatory statements, noting that Plaintiff had not even sufficiently plead the falsity of the statements. *Id.* That is not the case here. The statement in question in undisputedly false and Plaintiff has now adequately alleged that Defendant did not have a reasonable grounds or basis to believe the truth of its statement. ECF No. 25-1 ¶¶ 13–14.

additional allegations identify what Defendant "did or did not do to fall below the appropriate standard of care." ECF No. 23 at 9. Plaintiff alleges Defendant: (1) wrote inaccurate banner information about the Plaintiff, without having any reasonable grounds to believe it to be true, and permitted such inaccurate information to be broadcast in the Plaintiff's news segment; (2) failed to (a) verify that the banner information in the news segment was accurate before airing, (b) follow any system/procedure to verify the accuracy of the banner information, and (c) allow sufficient time to verify the accuracy of the banner before it aired; (3) incorrectly used banner verbiage from another news segment as the banner in the segment about Plaintiff; and (4) failed to properly train and supervise its agents, employees, staff, and/or representatives in a way that would have prevented the inaccurate banner from airing in the news segment about Plaintiff. *Id.* ¶ 23. Thus, Plaintiff has specifically addressed the Court's concerns as articulated in its Memorandum Opinion dismissing the Second Amended Complaint, ECF No. 23 at 9 (finding that Plaintiff's Second Amended Complaint "failed to sufficiently plead negligence"), and the Third Amended Complaint is not futile.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Third Amended Complaint, ECF No. 25, is granted. A separate Order shall issue.

Date: February 16, 2021                     /s/
                                            GEORGE J. HAZEL
                                            United States District Judge